UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIANS FOR ALTERNATIVES
TO TOXICS, a non-profit
corporation, et al.,

        NO. CIV. S-05-1502 LKK/JFM

    Plaintiffs,

  v.                          O R D E R

UNITED STATES FOREST SERVICE,
et al.,

    Defendants.
_____/

    On December 13, 2005, a Status Conference was held in the above-captioned case. A scheduling order was subsequently issued stating that plaintiffs, if after examining the administrative record believed it would be necessary to conduct additional discovery, they must file a motion with the court by January 10, 2006. Plaintiffs have filed such a motion by the aforementioned date.

////

1

Plaintiffs make two requests for discovery: (1) documents or information related to an experiment being conducted by the Forest Service;[1] and (2) Documents or Information regarding certain "fuel breaks" that were created for fire protection. In their opposition brief, defendants assert that the material relating to the experiment is not material to the decision under review, since it had not yet been conducted when the decision was made in February 2005. Opp'n at 5. Given plaintiffs' arguments in their reply brief, however, the court grants their motion for further discovery.

Plaintiffs explain that the information on the test plots is relevant because "it goes directly to the question of whether the Forest Service's proposed action will achieve the project objectives as assumed by Defendants and whether the herbicide use results in significant impacts." Repl. at 4. They elaborate that some of the documents requested were produced prior to the Record of Decision. They also explain that some of the documents were produced after the February 2005 Record of decision, but that they should be allowed discovery because the test plot results will "indicate a lack of effectiveness in achieving project objectives or demonstrate harm from herbicide use," and because "such information would support plaintiffs' comments to the Forest

---

[1] Plaintiffs explain that this experiment was initiated in response to requests in 1999 by the public, including plaintiffs and their members, to compare herbicide and non-herbicide treatment methods on test plots within the Cottonwood project. The experiment began in 2002 and herbicide treatment was scheduled for "spring of 2005."

2

1  Service and help the Court determine whether the agency has
2  considered all relevant factors."[2] Repl. at 5. Finally, they note
3  that the information relating to impacts from herbicide use on the
4  test plots would be relevant to their request for injunctive
5  relief. Id. Plaintiffs have offered enough to suggest that it is
6  appropriate to permit discovery on the test plot experiment data
7  because such information bears on"whether the agency has considered
8  all relevant factors and explained its decision" or whether it
9  failed to take a hard look at the issues before issuing the ROD.
10 National Audubon Soc. v. U.S. Forest Service, 46 F.3d 1437, 1447,
11 & n. 9 (9th Cir. 1993)(citation omitted).
12     Plaintiffs also maintain that the actions of the Forest
13 Service in constructing fuel breaks on the Cottonwood Project is
14 relevant because they relate to plaintiffs' claims that there are
15 "feasible, non-herbicide alternatives to effectively reducing fuels
16 - and fire hazard on the Cottonwood Project." Repl. at 4. Because
17 plaintiffs' second cause of action under NEPA charges defendants
18 with failing to consider reasonable alternatives, this information
19 may bear on that claim.
20 ////
21 ////

---

[2] The Ninth Circuit allows a court to consider extra-record materials if (1) necessary to determine whether the agency has considered all relevant factors and explained its decision, (2) when the agency has relied on documents not on the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, and (4) when plaintiffs make a showing of agency bad faith. National Audubon Soc. v. U.S. Forest Service, 46 F.3d 1437, 1447, & n. 9 (9th Cir. 1993)(citation omitted).

1   Accordingly, the court hereby ORDERS as follows:
2       1.  Plaintiff's request to conduct limited discovery related
3   to the two requests described in their motion is GRANTED.
4       2.  All dates are VACATED.
5       3.  The briefing scheduled for the parties cross-motions is
6   RESET as follows:
7           a.  Cross-motions for summary judgment must be filed no
8   later than 4:30 p.m. on May 5, 2006.
9           b.  Opposition briefs must be filed no later than 4:30
10  p.m. on June 5, 2006.
11          c.  Reply Briefs must be filed no later than 4:30 p.m.
12  on June 20, 2006.
13      4.  Oral argument on the parties' cross-motions is SET for
14  July 14, 2006 at 10:00 a.m. in Courtroom No. 4.
15      IT IS SO ORDERED.
16      DATED: January 23, 2006

                                /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT